# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID J. DARRAH,<br><br>Defendant. | Case No. 19-CR-110-JPS<br><br>**ORDER** |

In December 2019, Defendant David J. Darrah ("Defendant") pled guilty to being a felon in possession of a firearm and possession with intent to distribute a controlled substance, specifically cocaine base in the form of "crack" cocaine, cocaine, and marijuana, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 38. This Court sentenced Defendant to a total term of 60 months' imprisonment, to operate to run concurrent with the state revocation sentences imposed in Milwaukee County Circuit Court Case Nos. 18-CF-1713, 18-CF-2322, and 18-CF-4820. ECF No. 53 at 2. The Court later entered a final order of forfeiture, giving the Government clear title to over $20,000 in United States currency that had been seized from Defendant. ECF No. 57.

Defendant, who has completed the custodial portion of his sentence in the above-captioned case but has a federal detainer related to revocation proceedings in the same and is currently in state custody related to state charges, *see* ECF No. 63, has moved for a writ of coram nobis related to the United States currency forfeited to the Government. ECF Nos. 65 and 66. Defendant asserts that he received ineffective assistance of counsel related to money that was seized and later forfeited because the "monies seized were of legal origin." ECF No. 65 at 1.

A writ of coram nobis is "an ancient common-law remedy" that in modern times serves to correct errors of law and fact in criminal cases. *United States. v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016) (quoting *United States v. Denedo*, 556 U.S. 904, 910 (2009)). Coram nobis relief is available when "(1) the error alleged is 'of the most fundamental character' as to render the criminal conviction 'invalid'; (2) there are 'sound reasons' for the defendant's 'failure to seek relief'; and (3) 'the defendant continues to suffer from his conviction even though he is out of custody.'" *Id.* (quoting *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007) and citing *United States v. Keane*, 852 F.2d 199 (7th Cir. 1988)).

Defendant fails at the first prong. A "fundamental error that invalidates a criminal proceeding is one that undermines [the Court's] confidence that the defendant is actually guilty." *Id.* (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)). Defendant merely takes issue with the amount of money he agreed to forfeit in his plea agreement, but nothing in his motion or its supplement even suggests that he may be innocent of the underlying crime. *Keane*, 852 F.2d at 204 ("[G]etting money back is not enough by itself to support" coram nobis relief); *see generally* ECF Nos. 65 and 66. Defendant's motion will thus be denied.

Accordingly,

**IT IS ORDERED** that Defendant's motion for a writ of coram nobis, ECF No. 65, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge